FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB -7 AM 11: 30
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NESTOR CARO-CHAPARRO,            )
                                 )
            Petitioner,           )
                                 )
v.                               )    CV 313-003
                                 )
U.S. DEPARTMENT OF HOMELAND      )
SECURITY and WALT WELLS, Warden,[1] )
                                 )
            Respondents.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the manner in which he is to be held pursuant to an immigration detainer following the completion of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.[2]

I.  **BACKGROUND**

On May 29, 2011, Petitioner pleaded guilty to "conspiracy to distribute and possess

---

[1] As noted by Petitioner (doc. no. 1, pp. 10, 18), the proper party respondent in this action should be Petitioner's immediate custodian, in this case Walt Wells, Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to add "Walt Wells, Warden" as a respondent in this case.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

with the intent to distribute cocaine," in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II), in the Eastern District of New York. United States v. Chaparro, CR 101-1059, doc. nos. 63, 90 (E.D.N.Y. Apr. 30, 2012). On April 26, 2012, Petitioner was sentenced to 40 months of imprisonment, five years of supervised release following his imprisonment, and a $50,000.00 fine. Id., doc. no. 90. Petitioner asserts that he is subject to a detainer issued by the Department of Homeland Security ("DHS") on March 2, 2011, such that DHS will take him into custody directly following the culmination of his sentence. (Doc. no. 1, pp. 2, 14, 17.) Petitioner states that DHS will be taking him into custody in order to transport him to "a deportation facility for a period up to 90 days" and thus facilitate his eventual deportation. (Id. at 2, 17.)

Petitioner asserts that he is due to complete his sentence and be released from federal custody on March 11, 2013. (Id. at 21, 26.) Petitioner argues, however, that, because he was "extradited from Brazil under a treaty," he should be sent back to Brazil "unmolested" without having to be subject to any further detention by DHS. (Id. at 15.) More specifically, Petitioner contends that "[f]or DHS to take Petitioner in custody will be a violation of the extradition treaty with Brazil" (id. at 16), and that, furthermore, any incarceration in a deportation facility amounts to an invasion of his legally protected liberty interests as well as a violation of his due process rights. (Id. at 17, 25.) Additionally, Petitioner asserts that he has not entered or attempted to enter the United States – at least not intentionally or of his own volition – and that he is thus entitled to "immediately return to his country after his federal sentence is served." (Id. at 25.) In short, Petitioner argues that there is no authority by which he can be held beyond his statutory release date, and he seeks an order allowing for

2

his immediate departure upon the culmination of his sentence on March 11, 2013. (Id. at 17, 26.)

Petitioner concedes in his petition that he has not filed an appeal or a grievance, nor sought an administrative remedy of any kind, concerning the challenged detainer. (Id. at 2.) Even so, Petitioner acknowledges the general existence of the requirement that administrative remedies be exhausted, but argues that, "if there is any kind of exhaustion for a case like this, the Court may consider relaxing the rule" for two reasons: (1) due to the imminence of his "injury," a delay will permanently bar the judicial action, and (2) there is "substantial doubt that [Respondent] is empowered to grant meaningful redress." (Id. at 20.)

## II. DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), cert. denied, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the Bureau of Prisons prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). Notably, in this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative

3

> remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

The Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), and thus "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 F. App'x 356, 359 & n.4 (11th Cir. 2006) (*per curiam*).[3] Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[4] Jones v.

---

[3]The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 F. App'x at 358, the issue is somewhat unsettled in light of the Supreme Court's ruling in Bowles v. Russell, 551 U.S. 205, 213-14 (2007). Notably, however, the Eleventh Circuit has since rejected futility of exhaustion, Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (*per curiam*), and reconfirmed its view that "exhaustion of administrative remedies is jurisdictional." Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (*per curiam*) (quoting Gonzalez, 959 F.2d at 212).

[4]"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Rey, 359 F. App'x at 90 (citing Skinner, 355 F.3d at 1295); Martin v. Zenk, 244 F. App'x 974, 977 (11th Cir. 2007) (*per curiam*) (same). In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.

Here, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. To the extent that Petitioner's assertion of futility – his expressed doubt that Respondent will be able to grant "meaningful redress" – is based on his concern that he will lose any available recourse if he is detained past his statutory release date, the Court notes that Petitioner is *not* currently being detained past his statutory release date. That being the case, administrative remedies remain currently available to him. Moreover, the Eleventh Circuit has specifically rejected the argument that exhaustion is unnecessary where a petitioner's presumptive release date has passed, see Gonzalez, 959 F.2d at 212, further undermining Petitioner's assertion that administrative remedies are unavailable to prisoners detained past their release date. In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court.[5] Fuller,

---

[5]The Court notes, however, that even had Petitioner exhausted his administrative remedies as required, his claim is without merit. The Eleventh Circuit has made clear that administrative detention for short periods pending imminent deportation does not violate due process. See United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) ("Deportation detentions do not serve to punish those detained, but merely to facilitate the deportation

5

11 F.3d at 62.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this 7th day of February, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

process." (citations omitted)).