FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR 12  PM 2:44

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NESTOR CARO-CHAPARRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 313-003 |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY and WALT WELLS, Warden, ) | |
| ) | |
| Respondents. ) | |

# ORDER

Petitioner, an inmate at McRae Correctional Facility in McRae, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, after being sent a deficiency notice concerning his failure to provide the requisite filing fee for such a petition, paid the $5.00 filing fee. (Doc. nos. 1, 2.) On February 7, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended that Petitioner's case be dismissed based on his failure to exhaust his administrative remedies. (Doc. no. 3.) Petitioner was also instructed that any objections to the R&R had to be filed no later than February 25, 2013. (Doc. no. 4.) As no objections to the R&R were received by the deadline, the Court adopted the R&R on March 1, 2013. (Doc. no. 6.)

On March 4, 2013, the Clerk's Office received and filed Petitioner's objections to the R&R as well as his "Notice of Filing," which are dated February 19, 2013, and February 21, 2013, respectively. (See doc. no. 8, p. 8; doc. no. 9, p. 1.) Thus, in order to address Petitioner's objections to the R&R and his notice of filing, both of which appear to have been

mailed prior to the deadline for submitting objections,[1] the Court's March 1st Adoption Order is **VACATED**.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 8, 9.) More specifically, the Court finds that Petitioner's objections are without merit and that only one issue raised in those objections warrants further discussion. As to that issue, Petitioner argues that the Magistrate Judge's recommendation that his case should be dismissed for failure to exhaust his administrative remedies is based on "an erroneous legal standard," in that, according to Petitioner, § 2241 petitions are not, in fact, subject to an exhaustion requirement. (Doc. no. 8, pp. 2-6.) Petitioner's contention, as clearly explained by the Magistrate Judge, is simply incorrect. (See doc. no. 3, pp. 3-5.) Moreover, the "Inmate Request to Staff" form that Petitioner has attached to his notice of filing, which is presumably meant to be read in conjunction with his objections, does not stand for the proposition that Petitioner asserts it does. (See doc. no. 9.) While Petitioner has apparently provided that form to support his assertion that "it is clear No administrative remedies [exist] as to C.C.A. McRae" (emphasis in original), the prison official's response on the form in fact simply confirms that Petitioner will be released pursuant to a detainer and directs further questions to "Immigration." (Id. at 3.) Finally, even if the Court were to construe that form as an attempt on Petitioner's part to exhaust his administrative remedies, the date on the form indicates that Petitioner did not submit it until February 11, 2013, nearly three weeks after he initiated the instant case. (Id.) However, a prisoner is required to exhaust his

---

[1] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's objections and notice are deemed filed on the date of execution and delivery to prison officials for mailing.

administrative remedies *before* filing a § 2241 petition.  See <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992).

For the above reasons, Petitioner has provided no basis for departing from the Magistrate Judge's conclusion that Petitoner's case should be dismissed based on his failure to exhaust administrative remedies prior to filing his § 2241 petition, and his objections are **OVERRULED**.  Furthermore, the Court finds that all other objections raised by Petitioner that are not specifically addressed here are without merit.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  Therefore, this case is **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 12th day of March, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE